UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

MARK TRACHTMAN,              :
      Plaintiff,          :
                    :
     v.               :      No. 5:23-cv-2324
                    :
THE MUTUAL LIFE INSURANCE  :
COMPANY OF NEW YORK,     :
      Defendant.      :

_____

**O P I N I O N**
**Defendant's Motion to Dismiss and Motion to Strike, ECF No. 14 – Granted**

**Joseph F. Leeson, Jr.**                             **January 3, 2024**
**United States District Judge**

## I.     INTRODUCTION

In 1995, Dr. Mark Trachtman purchased disability insurance from the Mutual Life

Insurance Company of New York ("MONY") to maintain financial stability in the event he

became disabled and unable to work.  In August of 2021, he was placed on total disability and

has not worked since.  At first, MONY paid the claim but later closed it in July of 2022.  The

above captioned matter arises out of the denial of those policy benefits.  MONY has moved to

dismiss the claim arising under the Unfair Trade Practices and Consumer Protection Law

("UTPCPL") and has moved to strike the demand for attorney's fees in Count I.  For the

following reasons, the Motion to Dismiss and the Motion to Strike are granted.

## II.     BACKGROUND

The factual allegations, taken from the Amended Complaint, *see* Pl.'s Am. Compl., ECF

No. 11, are as follows:

Dr. Trachtman is a pediatric ophthalmologist.  *Id.* ¶ 8.  Around 1995, Trachtman

observed one of his colleagues develop a disability which impaired the colleague's  ability to

work.  *Id.* ¶ 11.  Having seen this, Trachtman met with a representative of MONY to discuss purchasing disability insurance coverage to protect himself financially in the event he too became unable to work.  *Id.* ¶ 12-13.  His aim was to replace his income with disability insurance benefits in the event he became disabled.  *Id.* ¶ 15.  MONY's representative assured Trachtman that it could meet his concerns.  *Id.* ¶ 16.  On July 15, 1995, Trachtman purchased two policies from MONY.  *Id.* ¶ 18.  These policies defined "Total Disability" as:

> Total Disability or totally disabled before benefits have been paid for two years for a period disability, means that due to Injuries or Sickness[] you are not able to perform the substantial and material duties of your Regular Occupation; and you are under the regular care of a Physician.

*Id*. ¶ 19.

Sometime later, Trachtman began receiving behavioral health treatment.  *Id.* ¶ 25.  On August 31, 2021, Trachtman was placed on total disability related to his Major Depressive and General Anxiety disorders.  *Id.* ¶¶ 27, 28.  Since that time, Trachtman has been unable to work. *Id.* ¶¶ 29, 34.  As a result of the disability, Trachtman turned to his policies and applied for long-term disability benefits.  *Id.* ¶ 30.  Initially, the claim was paid by MONY under a Reservation of Rights.  *Id.* ¶ 31.  However, on August 18, 2022, MONY informed Trachtman that it would be closing his claim.  *Id.* ¶ 32.

Trachtman now sues asserting a number of claims arising out of the denial of that benefit. In Count I of his Amended Complaint, Trachtman asserts breach of contract.  In Count II of his Amended Complaint, Trachtman asserts a bad faith claim arising under 42 Pa.C.S.A. § 8371.  In Count III of his Amended Complaint, Trachtman asserts a claim arising under the UTPCPL. Trachtman seeks damages including attorney's fees for each of these Counts.

MONY has filed a Motion to Dismiss[1], *see* ECF No. 14, Count III, arguing, *inter alia*, that the UTPCPL claim sounds in nonfeasance and is thus not actionable under the statute.

## III.   LEGAL STANDARDS

### A.   Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims

---

[1]   Additionally, MONY has filed a Motion to Strike, *see* ECF No. 14, Trachtman's demand for attorney's fees in Count I. Pennsylvania law follows the American Rule under which "a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." *Trizechahn Gateway LLC v. Titus*, 976 A.2d 474, 482–83 (Pa. 2009). Trachtman does not identify any statutory basis or exception for attorney's fees for his breach of contract claim and conceded to striking it in his response. *See* Pl.'s Resp. at 1, ECF No. 16. Accordingly, the Court will strike Trachtman's demand for attorney's fees in Count I.

are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Additionally, "a document integral to or explicitly relied upon in the complaint may be

considered."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)

(internal quotations omitted).  The defendant bears the burden of proving that a plaintiff has

failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d

744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d

Cir. 1991)).

      **B.**    **Unfair Trade Practices and Consumer Protection Law - Review of Applicable Law**

      Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73

P.S. §§ 201-1 – 201-10, "'creates a private right of action in persons upon whom unfair methods

of competition and unfair or deceptive acts or practices are employed and who[,] as a result,

sustain an ascertainable loss.'"  *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 221 (3d Cir.

2008) (quoting *Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 190 n.4 (Pa. 2007)); *see also* 73 P.S. §

201-3.  "In Pennsylvania, only malfeasance, the improper performance of a contractual

obligation, raises a cause of action under the [UTPCPL], and an insurer's mere refusal to pay a

claim which constitutes nonfeasance, the failure to perform a contractual duty, is not actionable."

*Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 307 (3d Cir. 1995) (citing *Gordon v.

Pennsylvania Blue Shield*, 548 A.2d 600, 604 (Pa. Super. 1988)).  Additionally, a plaintiff "must

prove justifiable reliance."  *See Hunt*, 538 F.3d at 221-22 (citing *Yocca v. Pittsburgh Steelers

Sports, Inc.*, 854 A.2d 425, 438 (Pa. 2004) ("To bring a private cause of action under the

UTPCPL, a plaintiff must show that he justifiably relied on the defendant's wrongful conduct or

representation and that he suffered harm as a result of that reliance.")).

The UTPCPL applies to conduct surrounding the insurer's pre-formation conduct; "[i]t does not apply to the handling of insurance claims." *See Kelly v. Progressive Advanced Ins. Co.*, 159 F. Supp. 3d 562, 564-65 (E.D. Pa. 2016). Rather, the bad faith statute, 42 Pa. C.S. § 8371, applies to post-contract formation conduct. *See id.* (holding that "§ 8371 provides the exclusive statutory remedy applicable to claims handling" and that "an insured cannot bring an action under the UTPCPL based on the insurer's failure to pay a claim or to investigate a claim").

## IV.    ANALYSIS

### A.    Unfair Trade Practices and Consumer Protection Law

MONY moves to dismiss the UTPCPL claim, arguing that the averments allege a refusal to pay an insurance claim which is nonfeasance and not actionable under the UTPCPL. *See Nordi v. Keystone Health Plan W. Inc.*, 989 A.2d 376, 385 (Pa. Super. 2010) ("Mere refusal to pay a claim, or failure to investigate or take other action, is nonfeasance and is, thus, not actionable" under the UTPCPL.) Trachtman agrees that nonfeasance is not actionable under the UTPCPL but rather characterizes his claim as misfeasance related to pre-sale representations concerning the insurance policies. In particular, Trachtman argues that MONY "misled Plaintiff into purchasing a policy that did not provide him with the coverage he sought and which he thought he bought at the time he purchased it." Pl.'s Resp. at 9. Further, Trachtman alleges that MONY deceived him by applying claim adjudication standards outside of the insurance policies. *Id*.

 Trachtman's UTPCPL claim will be dismissed because it is evident the claim constitutes nonfeasance where it is based on a mere refusal to pay the insurance claim. For instance, Trachtman takes issue with MONY's "administration" and "application" of the policies. Pl.'s Am. Compl. ¶ 65. However, the administration and application of the policies do not implicate

pre-formation conduct.  Further, Trachtman complains of "Defendant MONY's actions in intentionally interpreting the terms of the policies to avoid paying disability benefits."  *Id*. ¶ 66. Again, Trachtman does not contest pre-formation conduct but rather policy interpretation resulting in the denial of coverage some fifteen years later.  Much the same, Trachtman takes issue with "Defendant MONY's affirmative actions in mischaracterizing and ignoring the evidence provided to it to characterize Dr. Trachtman's condition as not disabling and in interpreting and administering the Policies in a way designed to support the denial of a claim." *Id.* ¶ 67.  Since the crux of his complaint regards a refusal to pay a claim, it is nonfeasance and not actionable under the UTPCPL.  *See Romero v. Allstate*, No. CV 16-4037, 2017 WL 895593, at *1 (E.D. Pa. Mar. 7, 2017) (characterizing "[t]he thrust of [the p]laintiffs' claims [as] the alleged refusal to pay on a claim, which occurred long after the contract by which Plaintiffs purchased the insurance coverage was formed.").

To tie in pre-formation conduct, Trachtman attempts to cast his UTPCPL claim as a misrepresentation concerning the scope and administration of his policies.  However, Trachtman cites no specific representation to that effect.  He simply avers that he "discussed his concerns and made it clear that he wanted to purchase insurance coverage that would financially protect him in the future if he became unable to work" and that he "wanted to replace his income with disability insurance benefits if he could not work."  Pl.'s Am. Compl. ¶¶ 14-15.  In response, "MONY's representative assured him that he could provide Dr. Trachtman with the disability insurance coverage he sought."  *Id.* ¶ 16.  Thus, Trachtman argues, MONY's subsequent denial of his claim makes that pre-formation assurance a misrepresentation.  *Id.* ¶ 62.

However, these averments are vague and do not transform the crux of the claim from nonfeasance to misfeasance.  *See Wingrove v. Nationwide Prop. & Cas. Ins. Co., No*. 2:21-CV

00940, 2022 WL 912590, at *8 (W.D. Pa. Mar. 28, 2022) (dismissing a UTPCPL claim where claimant merely "assert[ed] that Nationwide misrepresented that Nationwide would handle insurance claims in the manner in which it was required to under the Policy."); *see also Holovich v. Progressive Specialty Ins. Co*., 600 F. Supp. 3d 572, 585 (E.D. Pa. 2022) (holding that "the crux of the UTPCPL claim [w]as relat[ed] to [the defendant's] handling of [the plaintiff's] claim for the diminution in value of the [v]ehicle and not any malfeasance that resulted in" the policy's purchase.); *Neustein v. Gov't Emps. Ins. Co.*, No. 18-CV-645, 2018 WL 6603640, at *2 (W.D. Pa. Nov. 29, 2018), *report and recommendation adopted*, No. CV 18-645, 2018 WL 6601876 (W.D. Pa. Dec. 17, 2018) (holding that the "[u]se of the word 'misrepresented' notwithstanding, the well-pled allegations in the amended complaint suggest that the issue here is GEICO's defective handling of the Neusteins' claim, not malfeasance in the formation of the insurance contract.").

Accordingly, the Court will dismiss Count III without prejudice.[2]

## V.    CONCLUSION

The Court grants Defendant's Motion to Strike Plaintiff's demand for attorney's fees in Count I because Plaintiff offers no applicable exception to the American Rule.  The Court grants Defendant's Motion to Dismiss Count III because the averments of the complaint allege nonfeasance which is not actionable under the UTPCPL.

---

[2]    *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge